a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOAN MARIE MARSH, Petitioner | CIVIL ACTION NO. 1:18-CV-1517-P |
| VERSUS | JUDGE DEE D. DRELL |
| ATTORNEY GENERAL, ET AL., Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Joan Marie Marsh ("Marsh"). Marsh is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). Marsh is being detained at the LaSalle Detention Center in Jena, Louisiana. Marsh requests a speedier removal from the United States.

Because Marsh cannot show that her custody is in violation of the constitution or laws of the United States, her petition should be denied and dismissed.

I. Background

Marsh is a native and citizen of Great Britain. Marsh was convicted of bank fraud, conspiracy to commit bank fraud, money laundering, and conspiracy to launder money. (Doc. 102, p. 12). Marsh was received in ICE custody on September 12, 2018, ordered removed on October 18. 2018. (Doc. 1, p. 10). Marsh complains that she has not been deported yet, and she seeks immediate removal to England. (Doc. 1).

## II. Law and Analysis

Once an alien is ordered removed, the Attorney General is obligated to effect the removal within 90 days. See 8 U.S.C. § 1231(a)(1)(A). However, it is presumptively constitutional for an alien to be detained for six months past the 90-day removal period following a final order of removal. See Zadvydas v. Davis, 533 U.S. 678, 700-01 (2001). Marsh was ordered removed on October 18, 2018. The Attorney General is well within the timeframe established by law for removal.

Marsh complains that she was entitled to an immigration hearing within one year of release. However, according to her petition, exhibits, and BOP records, Marsh was released from BOP custody on September 12, 2018, and she received a hearing the following month. (Doc. 1, p. 10). Marsh has not identified any constitutional violation regarding her custody to support a § 2241 claim.

## III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Marsh's § 2241 petition be DENIED and DISMISSED, without prejudice to refiling should her confinement become unconstitutional.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __4th__ day of January, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge